THE HONORABLE EDWARD F. SHEA

WILLIAM TAMAYO, REGIONAL ATTORNEY
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SAN FRANCISCO DISTRICT
350 THE EMBARCADERO, SUITE 500
SAN FRANCISCO, CALIFORNIA 94105-1260

JOHN F. STANLEY, SUPERVISORY TRIAL ATTORNEY
DAMIEN A. LEE, SENIOR TRIAL ATTORNEY
JAMAL N. WHITEHEAD, TRIAL ATTORNEY
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVENUE, SUITE 400
SEATTLE, WA 98104
Damien.Lee@EEOC.GOV
TEL: (206) 220-6915
FAX: (206) 220-6911

Attorneys for Plaintiff EEOC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>Plaintiff,<br><br>and<br><br>SEAN REILLY,<br><br>Plaintiff Intervenor,<br><br>v.<br><br>COTTONWOOD FINANCIAL WASHINGTON, LLC., | CIVIL ACTION NO. 2:CV-09-5073-EFS<br><br>[PROPOSED] PROTECTIVE ORDER |

[PROPOSED] PROTECTIVE ORDER (CV 09-5073-EFS)
Page 1

and

COTTONWOOD FINANCIAL, LTD.,

Defendants.

## I.   PROTECTIVE ORDER

1. **Scope and Purpose of this Order:** This Protective Order shall govern the designation and handling of protected documents produced by any party in discovery in this litigation, whether by voluntary production or disclosure or in response to any formal discovery procedure, including designation and handling of nonpublic information of a confidential nature. This Protective Order does not affect any party's obligations under the Federal Rules of Civil Procedure to produce documents as required by the rules of discovery or an order of the Court. The purpose of this Protective Order is to facilitate the handling of nonpublic information of a confidential or proprietary nature. If a designating party files a "confidential" document (defined below) in court and does not attempt to file it under seal, or if a document is otherwise already part of the public record as of the entry of this Order, the document(s) in question will not be

[BROPOSSED] PROTECTIVE ORDER (CV 09-5073-EFS)
Page 2

subject to this protective order. The mere filing of the "confidential" document by the non-designating party does not remove the document from the protection of this order. Although it is anticipated that the parties filing documents will comply with the terms of this Protective order, if a non-designating party files a document marked "confidential" by the non-filing party, the non-filing party may seek appropriate relief from the court to ensure protection under this order.

2. **"Confidential Material" includes:**

a. Personnel records pertaining to any current or former employee of Defendant Cottonwood Financial, Ltd. or Defendant Cottonwood Financial Washington, LLC (hereafter, "Cottonwood") that contain personal, payroll or financial information, e.g., document nos. [CONFIDENTIAL] Cottonwood-Reilly 00747-00790. Good cause exists to protect the privacy rights of Cottonwood's current and former employees who are not parties to this litigation. These files include these individuals personal identifying information and financial account information. No public interest is served by requiring public disclosure of an individual's private and personal information in a matter in which he or she is not a party. The Court's December 2007 "Notice of Electronic Availability of Case File Information" specifically contemplates the protection of such personal information.

[~~PROPOSED~~] PROTECTIVE ORDER (CV 09-5073-EFS)
Page 3

b. Cottonwood's Operations Manual, *e.g.*, document nos. [CONFIDENTIAL] Cottonwood-Reilly 00791-01057. Good cause exists to protect Cottonwood's confidential and proprietary business information, which provides it with a business advantage over its competitors. Cottonwood takes significant steps to protect this information in its daily operations, including through the use of non-disclosure and confidentiality agreements with its employees. No public interest is served by requiring Cottonwood to disclose information it strives to maintain confidential and proprietary in its business operations and which would harm its business operations if disclosed.

c. Medical records and healthcare information pertaining to Sean Reilly, *e.g.*, document nos.[CONFIDENTIAL] Cottonwood-Reilly 00791-01057. Good cause exists to protect the highly sensitive and private nature of Sean Reilly's medical records from nonparty access, including but not limited to the details of treatment that he received for his Bipolar Disorder, and how that treatment affected him. No public interest is served by making these sensitive and private medical records of Sean Reilly publicly available. The Court's December 2007 "Notice of Electronic Availability of Case File Information" specifically contemplates the protection of such medical records for Sean Reilly.

3. **Standard for Protected Documents**: Any person who is required to produce documents or information in discovery in this litigation may designate

[PROPOSED] PROTECTIVE ORDER (CV 09-5073-EFS)
Page 4

material produced as a protected document(s) pursuant to this Protective Order. All designations must be based on the good faith belief that the information constitutes "Confidential Material" as defined above.

4. **Protected Documents:** Protected document(s) are those that contain "Confidential Material" as defined above, and are marked "CONFIDENTIAL" by any party. These documents, referred to hereinafter as "protected documents," will be covered by this Protective Order and will be used only for the purposes of this case, and will not be used by any party or his or her counsel for any purpose unrelated to this case.

5. **Designating Protected Documents:**

   a. **Marking Protected Documents:** With the exception of medical records for Sean Reilly that are provided directly by a medical service provider to Defendants, protected documents shall be designated as confidential by affixing to them the legend "CONFIDENTIAL" in a size and location that makes the designation readily apparent, preferably in the lower right hand corner. Medical records for Sean Reilly that are provided directly to Defendants by a medical service provider will be designated as confidential by letter from Plaintiff Intervenor.

   b. **Designating Deposition Testimony:** Any party who has designated a document as protected pursuant to Paragraph 2 of this Protective Order may designate testimony concerning that document as "Confidential Information" at a deposition by making a statement to that effect on the record at the deposition or other proceeding. When Confidential Information is designated on the record at a deposition, the party claiming the testimony is confidential shall make

arrangements with the court reporter taking and transcribing such proceeding to label each page containing the testimony with the designation "Confidential" and to separately bind such pages as "Confidential."

    c. **Subsequent Designation**: If a party discovers that, through inadvertence, documents containing Confidential Information have been provided to the opposing party without being properly designated under this Order, the producing party shall promptly notify the receiving party in writing of the error. The notification shall include an identification of the documents or information (by control number or some other specific form of identification), and the receiving party shall affix a stamp identifying each document or item of information so identified as "CONFIDENTIAL" unless the parties agree that some other procedure for remedying the inadvertence is more appropriate under the circumstances.

6.   **Maintaining Designated Protected Documents**: Any protected document must be maintained in a manner reasonably calculated to preserve its confidentiality.

7.   **Disclosure of Protected Documents**:

    a. Except as set forth herein or by any subsequent court order, no protected documents shall be delivered, exhibited, or disclosed to any persons unless done in a manner in compliance with this Protective Order.

    b. The parties' counsel shall require all persons, except those referred to in paragraph 7(c), before being given access to any protected document, to read and agree to be bound by this Protective Order by

endorsing the certification attached as Exhibit A. Counsel shall retain this certification.

c.  Protected documents may be delivered, exhibited, or disclosed to the following persons subject to the limitations of this Protective Order:

    i.    Counsel representing the named parties in this case and any paralegal, clerical, or other employee of such counsel assisting in the prosecution or defense of this litigation;

    ii.    Any copying services hired by counsel to copy documents in bulk;

    iii.    The court or any court personnel;

    iv.    Any person testifying or attending a deposition;

    v.    Any person identified as having authored or having previously received the protected document(s);

    vi.    The parties and their client representatives, insurance carriers, and/or counsel for their insurance carriers for any purpose in this litigation;

    vii.    Current or former employees or agents whose review a party deems necessary to the presentation or defense of claims in this litigation;

    viii.    A Mediator(s) retained by the parties; or

    ix.    Consulting experts or expert witnesses whose review a party deems necessary to the presentation or defense of claims in this litigation.

d.  A party that files with the Court materials designated as Confidential Information under Section 2(a) or 2(c) of this Protective Order (Personnel Records or Medical Records) or any pleading or

memorandum purporting to reproduce such information, and who seeks to have the record containing such information sealed, shall submit to the Court a motion to seal, pursuant to Local Rule CR 7.1.

e. A party that files with the Court materials designated as Confidential Information under Section 2(b) of this Protective Order (Cottonwood's Operations Manual) or any pleading or memorandum purporting to reproduce such information, shall seek to have the record containing such information sealed, and shall submit to the Court a motion to seal, pursuant to Local Rule CR 7.1.

f. This Protective Order does not apply to information obtained by or made available to any such person by means other than the discovery provisions of the Federal Rules of Civil Procedure, and except for good cause shown, such information need not be filed under seal when submitted to the Court.

8. **Producing Party's Use of Protected Documents**: Nothing in this Protective Order limits a producing party's use of its own documents or documents obtained through means other than discovery requests or subpoenas in this litigation. Such disclosures shall not affect any confidential designation made under the terms of this Protective Order.

9. **Disputes as to Confidentiality Designation:**

a. Meet and Confer Requirement: The parties agree to designate information as "Confidential" on a good faith basis and not for purposes of harassing the receiving party's access to information concerning the lawsuit. If any party believes that a document, tangible item or other information that has been designated as Confidential is not entitled to be treated as Confidential, the party

will notify the designating party of its objection to the Confidential designation. The parties shall meet and confer in an attempt to reach an agreement regarding the confidential status of the document, tangible item or information within five (5) business days after the objecting party has advised the designating party of its objection.

b. **Motion for Protective Order:** If the objection is not resolved, and if the objecting party notifies the designating party in writing of its intent to disclose the information as well as the person and/or entity to whom it intends to make such disclosure, then the designating party shall have five (5) business days after receipt of such written notification to file a motion to have the document or information treated as Confidential; if such motion is not timely filed, then the objecting party may, for purposes of this case only, make the indicated disclosure.

c. **Status Pending Resolution of Dispute:** Any disputed document or other material must be treated as a protected document under this Protective Order until entry of a court order ruling otherwise.

10. **Rights of Parties:** This Protective Order is without prejudice to the right of any party to apply to the Court for any further protective order relating to any confidential information or for an order permitting disclosure of any confidential information beyond the terms of this Protective Order.

Dated this  1st  day of  July           , 2010.

                                s/ Edward F. Shea
                                ---------------------------------
                                THE HONORABLE EDWARD F. SHEA
                                UNITED STATES DISTRICT JUDGE

[~~PROPOSED~~] PROTECTIVE ORDER (CV 09-5073-EFS)
Page 9

Presented by:

*[signature]*

Damien A. Lee
Attorney for Plaintiff
Equal Employment Opportunity
Commission
909 1st Avenue, Suite 400
Seattle, WA 98104
Telephone: 206-220-6915
Fax: 206-220-6911
Email: Damien.Lee@eeoc.gov

*[signature]*

Keller W. Allen, WSBA # 18794
LAW FIRM OF KELLER W. ALLEN
Attorney for Plaintiff Intervenor
4102 S. Regal, Suite 102
Spokane, WA 99223
Telephone: 509-777-2211
Fax: 509-777-2215
Email: kwa@kellerallen.com

*[signature]*

Frank Conklin, WSBA # 4325
Attorney for Plaintiff Intervenor
818 W Riverside Ave Ste 640
Spokane, WA 99201-0910
Telephone: (509) 747-6877
Fax: (509) 747-6950
Email: fjconklin@yahoo.com

*[signature]*

Pamela Salgado, WSBA #22741
Brian K. Keeley, WSBA #32121
BULLIVANT HOUSER BAILEY, PC

Attorneys for Defendant
1601 Fifth Avenue, Suite 2300
Seattle, WA 98101-1618
Phone: 206-292-8930
Fax: 206-386-5130
Email: Pam.Salgado@bullivant.com
Email: Brian.Keeley@bullivant.com

_____
Angelina LaPenotiere, admitted *pro hac vice*, State Bar No. 24007530
Alexis Young, admitted *pro hac vice*, State Bar No. 24056574
CARRINGTON COLEMAN SLOMAN & BLUMENTHAL, LLP
Attorneys for Defendant
901 Main Street, Suite 5500
Dallas, TX 75202
Telephone: 214-855-3095
Fax: 214-758-3720
Email: alapenotiere@ccsb.com

# Exhibit A

I, _____, certify that I have received and read a copy of the Protective Order in *EEOC et al. v. Cottonwood Financial, Ltd., et al*, United States District Court, Eastern District of Washington, CV 09-5073-EFS. I agree to be bound by it. I further understand that any protected document and any notes, memoranda or other form of information derived from it, may not be used, copied or disclosed by me to anyone else except in strict accordance with the Stipulated Protective Order and then only for the prosecution and defense of this litigation.

Dated this ___ day of _____, 2010__, in _____, Washington.

_____